**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Wanda M., Travis M., and Jeffrey M., Defendants,

Of Whom Wanda M. is the Appellant.

In the interest of minor children under the age of 18 years.

Appellate Case No. 2013-000875

Appeal From Greenville County
W. Marsh Robertson, Family Court Judge

Unpublished Opinion No. 2014-UP-127
Submitted February 20, 2014 – Filed March 21, 2014

**AFFIRMED**

James Adam Russell, of Turner Padget Graham & Laney, PA, of Greenville, for Appellant.

Kaye Davis, of the South Carolina Department of Social Services, of Greenville, for Respondent.

Don J. Stevenson, of Don J. Stevenson, Attorney at Law, of Greenville, for Guardian ad Litem.

**PER CURIAM:** Wanda M. (Mother) appeals the family court's order terminating her parental rights to her two minor children, Boy and Girl (collectively, Children). Mother argues the family court erred in terminating her parental rights because the Department of Social Services (the Department) failed to prove by clear and convincing evidence the grounds for termination of parental rights (TPR) and that TPR was in Children's best interests.

The family court may order TPR upon finding one or more of eleven statutory grounds are satisfied and that TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2013). The grounds for TPR must be proven by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999). On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the trial court, who saw and heard the witnesses, was in a better position to evaluate their credibility. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011).

We find clear and convincing evidence shows Mother harmed Children while they were residing in Mother's home, and because of the repetition of the abuse and neglect, it is not reasonably likely Mother's home can be made safe within twelve months. *See* S.C. Code Ann. § 63-7-2570(1) (Supp. 2013) ("The child or another child while residing in the parent's domicile has been harmed as defined in [s]ection 63-7-20, and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months. In determining the likelihood that the home can be made safe, the parent's previous abuse or neglect of the child or another child may be considered."). Here, the evidence shows Children were harmed by Mother's failure to adequately supervise them because Boy and Girl tested positive for cocaine at twelve and fourteen years' old, respectively. Moreover, Children were harmed by Mother's failure to supply Boy with adequate mental health care. Specifically, Mother's failure to ensure Boy's prescription medications were filled and her failure to keep Boy's mental health appointments contributed to Boy's numerous violent outbursts, including an incident when Boy chased Girl around Mother's home with a knife. *See* S.C. Code Ann. § 63-7-20(4) (2010) (defining "harm" as occurring "when the

parent . . . inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child[;] . . . [or] fails to supply the child with . . . supervision appropriate to the child's age and development, or health care . . . and the failure to do so has caused or presents a substantial risk of causing physical or mental injury."). Further, we find clear and convincing evidence shows that because of the repetition of the abuse and neglect, it is not reasonably likely Mother's home can be made safe within twelve months. *See* S.C. Code Ann. § 63-7-2570(1) (Supp. 2013). We find Mother's extensive history with DSS and the family court's numerous findings of abuse and neglect against Mother show Mother's home cannot be made safe within twelve months. *See id.* (allowing the court to consider the parent's previous abuse or neglect of the child or another child in determining the likelihood that the home can be made safe).

Because we find clear and convincing evidence exists to affirm TPR based on section 63-7-2570(1) of the South Carolina Code (Supp. 2013), we decline to address the issue of whether clear and convincing evidence exists to affirm TPR based on section 63-7-2570(6). *See S.C. Dept. of Soc. Servs. v. Seegars*, 367 S.C. 623, 633-34, 627 S.E.2d 718, 723-24 (2006) (declining to address remaining issues regarding TPR grounds where the court found clear and convincing evidence existed to affirm TPR on a different ground).

Finally, we find clear and convincing evidence establishes TPR is in Children's best interests. *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a termination of parental rights case, the best interests of the children are the paramount consideration."). Throughout Mother's long history with the Department, Children have been removed from her custody three times, and they have spent the majority of their lives in the Department's custody. Importantly, Children's last two removals occurred only a short time after Children were returned to Mother's custody. While we recognize the challenges that exist in placing Children, who are now teenagers, in adoptive homes, the evidence shows Children will be in a safer, more stable environment if they remain in the Department's custody. *See* S.C. Code Ann. § 63-7-2620 (2010) ("[The TPR statute] must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent-child relationship. The interests of the child shall prevail if the child's interest and the parental rights conflict."). Accordingly, we affirm the family court's order terminating Mother's parental rights.

**AFFIRMED.**[1]

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.